**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DARIEL MESA ACOSTA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Diamondback Correctional Facility, *et al.*,<br><br>Respondents. | ) | Case No. CIV-26-1760-D |

**ORDER**

Petitioner Dariel Mesa Acosta filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States on August 25, 2022, and was released from U.S. Immigration and Customs Enforcement (ICE) custody by an Order of Release on Recognizance on August 28, 2022. [Doc. No. 9, at 2]. Petitioner was re-detained by ICE in 2025, and his removal proceedings are ongoing. *Id.* Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks his release from custody. [Doc. No. 1, at 27].

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On August 27, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 9], recommending that the Court grant in part the Petition and order Respondents to provide

Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to Report and Recommendation [Doc. No. 10]. On September 4, 2026, Petitioner filed an Urgent Limited Objection to Report and Recommendation and Motion to Consider Supplemental Declaration [Doc. No. 11]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

In their objection, Respondents note that they respectfully disagree with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026), but concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

Accordingly, Respondents objection is overruled and § 1226(a) controls Petitioner's detention. Petitioner is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

In his urgent limited objection, Petitioner "objects only to the conclusion that the present record does not establish grounds to consider release rather than a bond hearing." [Doc. No. 11, at 1]. Attached to his objection is a declaration in which Petitioner provides more details as to the circumstances of his re-detention by ICE. [Doc. No. 11-2]. Petitioner maintains that his "voluntary compliance, ICE's issuance of a future reporting date, the absence of any identified violation or changed circumstance, and the stated reason for

detention are material to whether [his] renewed custody was an improper revocation of his 2022 release." [Doc. No. 11, at 2].

On de novo review, the Court overrules Petitioner's limited objection. Petitioner waived his argument regarding the lawfulness of his re-detention by failing to adequately present it to the magistrate judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED,** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.